## SCHNEIDER, ESTATE OF, In Re KULP v TAX COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2643. Decided Feb 4, 1937

Ralph H. Henney, Columbus, and Alfred Henney, Columbus, for Evelyn Culp.

Herbert S. Duffy, Attorney General, Columbus, and D. K. Larrimer, Columbus, for the Tax Commission.

## OPINION

By BARNES, J.

The above entitled cause is in this court on the petition in error from the judgment of the Probate Court of Franklin County, Ohio.

After the briefs were filed upon the merits and at the time assigned for oral argument counsel for defendant in error interposed a motion to dismiss the petition in error on jurisdictional grounds; the claim being made that a proceedings in error could not be prosecuted direct from the Probate Court to the Court of Appeals.

Counsel for plaintiff in error in their brief on the merits state that the proceeding is brought under the authorization of §10501-62, GC. This section in substance provides that where the judge of the Probate Court has the qualifications provided by law for judges of the Court of Common Pleas and provides for the taking of a complete record at any hearing so that a bill of exceptions or complete record may be prepared, there shall be no appeal to the Court of Common Pleas but an appeal may be prosecuted to the Court of Appeals in all matters within its jurisdiction.

The constitutionality of this section was attacked through the motion.

Since the presentation of the motion the Supreme Court of Ohio in a recent case has declared this section unconstitutional. Counsel for plaintiff in error urge the right to prosecute error in this court direct from a judgment of the Common Pleas Court independent of the provisions of said §10501-62 GC. This right is claimed under and by virtue of **Article 4, §6 of the Constitution of Ohio** as amended September 3, 1912. The cited section of the Constitution reads as follows:

"The Court of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and

procedendo, and appellate jurisdiction in the trial of chancery cases, and to review, affirm, modify, or reverse the judgments of the Court of Common Pleas, Superior Court, and other courts of record within the district as may be provided by law * * *."

Probate Courts are declared by **Article 4, §7 of the Ohio Constitution** to be courts of record. The interpretation and construction of **Article 4, §6 of the Constitution** have been the source of much litigation in the Ohio courts. One line of thought has held to the view that the words "as may be provided by law" require legislative action to provide right of review to "other courts of record." The other line of thought is that the section is self executing and that the words "as may be provided by law" do nothing more than authorize the Legislature to provide methods of procedure.

The Supreme Court has very definitely and unqualifiedly declared that **§6 of Article 4 of the Constitution** confers ▪ jurisdiction upon the Courts of Appeals to review judgments of courts of record within their respective districts.

Cincinnati Polyclinic v Balch, 92 Oh St 415.

Wagner v Armstrong, 93 Oh St 443

American Casualty Co. v Howe, 125 Oh St 62.

State ex v Wallace, 107 Oh St 557.

It necessarily follows that the motion to dismiss plaintiff's petition in error on jurisdictional grounds must be overruled. Exceptions will be allowed.

We now consider the proceedings in error on the merits. The following brief statement of facts will render understandable the issuable questions involved. Jessie Schneider and Evelyn Kulp were sisters, living together, their residence being in Columbus, Ohio. Prior to 1930 Jessie Schneider and her mother held, in some three or four financial institutions within the city of Columbus, joint survivorship accounts in an amount totaling approximately $32,000.00. After the death of the mother, certificates were issued in the name of Jessie Schneider or Evelyn Kulp. The signature cards were the usual types which provided for payment to the order of either of the undersigned and in case of the decease of either, to the survivor. Both Jessie Schneider and Evelyn Kulp signed the cards. Approximately four years later on December 27, 1934, Jessie Schneider died. During the interim nothing had been taken from or added to the several accounts. The

interest or dividends were at all times paid to Jessie Schneider. Prior to the issuing of the joint accounts to Jessie Schneider and Evelyn Kulp, the latter had made no contribution of money or other thing of value to the fund. However, she does make the claim that afterwards she made payments aggregating approximately $8000.00 which she asserts is a consideration. On December 26th, the day before Jessie Schneider died, Evelyn Kulp cashed all of the certificates and distributed the entire fund to herself and other relatives. The larger portion was retained by herself. Jessie Schneider was afflicted with cancer and died as the result of its ravages.

Following the death of Jessie Schneider Evelyn Kulp took the usual steps to relieve the estate from payment of inheritance tax. The claim was made that no estate was left other than would be consumed in the payment of funeral expenses, expense of last sickness and cost of administration. Thereafter the Tax Commission of Ohio, through its proper officers, filed an application asking a supplemental determination of inheritance tax. Upon hearing, the application was granted. Exceptions and rehearing were had upon the same evidence and record. The bill of exceptions was prepared and allowed setting forth the above and other pertinent facts.

In support of the claim that Evelyn Kulp was properly chargeable with inheritance tax, §§5332 and 5332-2, GC are cited. The pertinent part of §5332, GC, reads as follows:

"Sec 5332 GC. **Property on Which Tax Levied.**—A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

"1. * * *

"2. * * *

"3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the value of such property:

"(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or

"(b) Intended to take effect in possession or enjoyment at or after such death.

"4. * * *

"5. Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor or survivors

16

have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under the provisions of this subdivision of this chapter in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and had been by him bequeathed to the survivor or survivors by will."

Sec 5332-2, GC, reads as follows:
"Sec 5332-2, GC. Transfer of Property to Avoid Tax.—Any transfer of property from a resident or of property within this state from a nonresident, if shown to have been made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. It shall be the duty of the persons by whom the application for determination of tax is filed to set forth in detail therein a list of all such transfers. If no such transfers have been made such fact shall be stated."

Counsel for Evelyn Kulp contend that Subdivision 5 of §5332, GC, as above quoted, can have no application for the reason that the certificates were cashed before the death of Jessie Schneider and hence there was not an accrual of right following the death of Jessie Schneider. Counsel for the Tax Commission apparently make no claim under the provisions of this subdivision, nor did the Probate Court in rendering his opinion rely upon this Subdivision 5 except as it and the decisions thereunder aided him in determining the nature and character of the fund. Counsel for plaintiff in error also claim that §5332-2 GC has no application for the following reasons:
(1) That the transfer was not by deed, grant, sale, assignment or gift as prescribed under sub-head 3, §5332, GC.
(2) That the act of transfer was some four years previous and hence the presumption of having been made in contemplation of death within two years is not applicable.
(3) That there is evidence of a valuable consideration substantially equivalent in money or money's worth. These contentions are controverted by counsel for the Tax Commission.
In approaching a determination of the

issue we recognize the well established doctrine of strict construction of all statutes imposing taxes. Unless it can be determined that the tax is imposed by legislative enactment no assessment can be made. Citizens are within their rights if they are able to handle their estates so as to take them without the provision of the taxing laws. There are no principles of equity involved. Having in mind these principles of law we now approach the final analysis: First, we take up the question of consideration. It was the finding of the Probate Court that the evidence did not support consideration and in this we are unable to determine that the trial court was in error in its conclusions. In all probabilities no one had any knowledge on the question of consideration except Jessie Schneider and Evelyn Kulp. Jessie Schneider was deceased and hence could not speak. Evelyn Kulp gives her testimony relative to her claim of consideration. The court was not bound implicitly to accept every statement she made even though there be no evidence to the contrary. The attending circumstances are always proper to be considered and very frequently outweigh the direct testimony. A witness might testify that he scraped his gold from the stars in the heavens, but courts would not be required to believe it even though there was no testimony to the contrary. Courts or fact-finding bodies have a right to draw on their general knowledge upon all questions of common knowledge. It is inconceivable that seven or eight thousand dollars could be distributed without there being a sign of documentary evidence establishing the receipt by Jessie Schneider of any amounts. There is also the lack of any satisfactory evidence that there was any understanding between Jessie Schneider and Evelyn Kulp that following the establishment of the joint survivorship account Evelyn Kulp should thereafter pay to Jessie Schneider any specific amount.
It is correctly urged that the burden is upon the Tax Commission to prove the absence of consideration. We think that the trial court was warranted in finding that the record presented the requisite evidence. Under the state of the record the consideration was as claimed by Evelyn Kulp or there was none at all.
We next consider the question as to whether or not there was a gift from Jessie Schneider to Evelyn Kulp. Again we agree

with the conclusions of the trial court. In our judgment there was present every element of gift. The technique under which the transfer was executed makes it none the less a gift. The certificates were the property of Jessie Schneider. Evelyn Kulp had no interest in them whatever. According to the finding of the Probate Court in which we concur she paid ₵. nothing for them. In the plain, ordinary concept of the term this was a gift. The fact that a contract was entered into with the financial institutions by which they agreed to pay to either or the survivor did not change the character of the transfer so far as Evelyn Kulp was concerned. The numerous cases cited wherein reference is made to the contractual relation with the financial institution are not pertinent for the reason that an entirely different question was involved.

We now come to consider the question as to whether or not the gift was made in contemplation of death. It is only when gifts are made in contemplation of death or were intended to take effect in possession or enjoyment at or after death that the same are taxable. §5332-2, GC, provides in substance that where the gift is made within two years prior to the death of the donor it is deemed to be made in contemplation of death unless shown to be otherwise. The only effect of this statute is to change the rule of proof. In other words, if within two years a presumption arises as a rule of evidence that the same was in contemplation of death. If more than two years has passed it is then a question of proof under the usual rules of evidence. The burden in the instant case would be on the Tax Commission. It was the determination of the trial court that the accrual was at the time of the cashing of several certificates, which was the day previous to the death of Jessie Schneider. If the court is correct in this conclusion the presumption arises that the gift was in contemplation of death. We do not think that a standard rule can be laid down to cover any and all joint and survivorship accounts. The attending circumstances will vary the rule very materially. In the instant case Evelyn Kulp did nothing other than sign her name to the signature cards, in any way attempting to take charge of or supervise these investments at the several financial institutions. All the income therefrom was paid to Jessie Schneider. She unquestionably had a right

so far as the financial institutions were concerned to have cashed them at any time. Whether she may have had any arrangement with Jessie Schneider is unknown. Evelyn Kulp may not be penalized by reason of this fact. However, the court had a right to take into consideration the attending circumstances in determining this question. When Evelyn Kulp did act she moved fast and made a complete and full conversion from the joint survivorship account. In this one day's time she made distribution of substantial amounts to other relatives of Jessie Schneider. In the testimony of Evelyn Kulp she gives a hint as to the purpose as follows:

"Well we talked over about having this joint account and as the cards read, you know, at the end of which ever one's death that money was supposed to go to the other —the one that lived. It was put there so it wouldn't be spent. It was in certificates."

Counsel for plaintiff in error cite the case of In re Tilley's Estate, 151 N. Y. Supp., p. 79. The syllabus in this case supports their contention. However, upon reading the facts we have an entirely different situation than in the instant case. The reported case illustrates very fully our previous statement that no standard rule can be adopted relative to all joint and survival accounts. We would have no difficulty at all in agreeing with the judgment in the New York case. We recognize that the syllabus states the law of the case, but it is also a principle of law that the syllabus must be read in the light of the facts. It is our conclusion that the trial court was warranted in his finding that the gift to Evelyn Kulp was in contemplation of death. We find no prejudicial error in the finding and judgment of the Probate Court. The petition in error will be dismissed at costs of plaintiff in error. Exceptions may be allowed.

CRAIG, PJ, and HORNBECK, J, concur.